```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     ALBANY DIVISION
JOHN PAUL JONES,              :
                             :
     PLAINTIFF,              :
                             :
vs.                          :     CIVIL ACTION
                             :     FILE NUMBER _____
GEORGIA DEPARTMENT OF         :
TRANSPORTATION; DARRELL       :
BRASWELL IN HIS OFFICIAL      :
CAPACITY AS A                 :
SHOP MANAGER FOR THE GEORGIA  :
DEPARTMENT OF TRANSPORTATION  :
AND IN HIS INDIVIDUAL CAPACITY:
                             :
                             :     JURY TRIAL DEMANDED
                             :
DEFENDANTS.                   :
_____ :
```

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, by and through his attorney, and shows this Honorable Court the following:

I.

## JURISDICTION AND VENUE

1.

This action is brought pursuant to Title VII of Civil Rights Act of 1964, codified at 42 U.S.C. § 2000-e ("Title VII"), the Civil Rights Act of 1866, codified at 42 U.S.C. § 1981 ("§ 1981"), 42 U.S.C. § 1981 brought pursuant to 42 U.S.C. § 1983, all as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1983 ("§ 1983") for violations of the equal protection clause of Fourteenth Amendment to the United States Constitution to redress

Plaintiff's rights to be free from race discrimination and retaliation under the United States Constitution, the Constitution of the State of Georgia, and Georgia state law. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

2.

Venue lies in this Court under 28 U.S.C. § 1391(b) and this cause resides in the Albany Division of this Court because all parties to this action reside in and/or are located within the boundaries of this judicial district. Moreover, the unlawful employment practices alleged below were committed in the Middle District of the State of Georgia.

II.

**PARTIES**

3.

Plaintiff, John Paul Jones, is a black male, and at all times relevant to this Complaint, was a resident of Tifton, Tift County, Georgia, which is located in the Middle District of Georgia. Plaintiff is now, and was at all times relevant hereto, an employee of the Georgia Department of Transportation.

4.

At all times relevant to this Complaint, Defendant Georgia Department Of Transportation, (hereinafter **"GDOT"**) is a state agency in the State of Georgia with a facility in Albany

2

Dougherty County, Georgia.  The address of the Dougherty County, Georgia, facility is listed as 2060 and 2061 Newton Road, Albany, Georgia 31701. This facility is  located, and is doing business, within this judicial district.  At all times relevant to this complaint,  **GDOT** has employed in excess of 20 employees.

5.

The Defendant **GDOT** is liable for constitutional deprivations pursuant to governmental custom, policy, or practice whether written or unwritten.  Monell v. New York Dept. of Social Services, 436 U.S.C. 658 (1978).  The Defendant **GDOT** is also liable for the misconduct, inadequate training, failure to train, negligent hiring, negligent retention and negligent supervision of its employees.

6.

At all times relevant to this Complaint, Defendant Darrell Braswell, (hereinafter **"Braswell"**) was a Shop Manager, and residing within this judicial district. **Braswell** is a resident of Tifton, Tift County, Georgia.

7.

Defendant **Braswell** who at all times material hereto was a duly employed employee of the **GDOT**, and he was a Shop Manager. **Braswell** supervised Plaintiff and he participated in the termination of Plaintiff's employment, and the retaliation against Plaintiff for engaging in protected activity.  At all

3

times relevant hereto, **Braswell** and all other **GDOT** employees, were acting under the color of state law. **Braswell** is being sued in both his individual and official capacities.

III.

## **GENERAL ALLEGATIONS**

8.

Plaintiff began his employment with Defendant **GDOT** in or around May, 2014, as a mechanic. Plaintiff had consistently performed his duties in a satisfactory manner. Plaintiff applied for numerous positions with **GDOT,** and Plaintiff contended that he did not receive these positions because of his race. Plaintiff contended that he was retaliated against and that he was subjected to a hostile work environment.

9.

As a result of the treatment that he was subjected to at **GDOT,** Plaintiff filed numerous complaints alleging race discrimination. Plaintiff filed complaints with the EEOC office for **GDOT.**

10.

On April 25, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, referencing race discrimination in employment. Plaintiff alleged in his charge that the discrimination, retaliation, and harassment against him were of a continuing nature. On or about

April 30, 2018, the EEOC issued a Notice of Right to Sue, which Notice was received by Plaintiff after April 30, 2018, authorizing Plaintiff to proceed with a civil action. Plaintiff filed a Complaint against **GDOT** and some of its employees in the United States District Court for the Middle District of Georgia on July 11, 2018 alleging race discrimination and retaliation in employment, Civil Action File Number <u>1:18-cv-00130-WLS</u>.

11.

Plaintiff was subjected to numerous adverse actions, and a hostile work environment. Plaintiff continued to complain to **GDOT'**s EEOC office, but Plaintiff was told that he could not file a complaint of discrimination and/or retaliation because he had a federal lawsuit pending against **GDOT.** Plaintiff considered this to be a form of retaliation against him. Plaintiff also believed that he was treated differently from other employees because he had utilized his state and federal rights to complain of discrimination and retaliation during the course and scope of his employment.

12.

The defendants engaged in numerous actions and subjected Plaintiff to treatment designed to force Plaintiff to quit his job. When the actions of the defendants did not make or force Plaintiff to quit his job, the defendants terminated Plaintiff's employment.

13.

But for the fact of Plaintiff's status as a black man, he would not have been retaliated against and terminated. The defendants' actions in subjecting Plaintiff to race discrimination and retaliation constitute unlawful discrimination under the color of state law in violation of Title VII, § 1983, and § 1981.

14.

This unwelcomed race discrimination and retaliation against Plaintiff unreasonably interfered with Plaintiff's right to enter into a contract, affected the terms, conditions and privileges of his employment and further created a hostile, abusive, offensive and intolerable working environment for him.

15.

As of the date of this Complaint, Plaintiff had not been reinstated to his former position or placed in a position comparable to the position that he was terminated from.

16.

Plaintiff was not provided a reason for his termination on the date that he was terminated. Plaintiff's termination followed his continuous complaints of discrimination and retaliation. Plaintiff was terminated from his employment on or about September 16, 2019.

17.

At all times relevant to this Complaint, **Braswell** and other employees of **GDOT**, were the alter-egos of Defendant **GDOT** and, as such, **GDOT** had actual and/or constructive knowledge of the unlawful race discrimination and retaliation perpetrated upon Plaintiff under the color of state law. **Braswell** was Plaintiff's immediate supervisor on the date that Plaintiff was terminated.

18.

**GDOT and Braswell** did not take sufficient action to formulate and implement policies to prevent discrimination against the class of persons to whom Plaintiff belongs.

19.

As such, by failing or refusing to formulate and implement policies to prevent said discrimination, **GDOT** created and perpetuated a de facto policy of allowing, condoning, and ratifying such unlawful and discriminatory conduct in the workplace, and in so doing, acted with malice or reckless indifference to Plaintiff's federally protected rights.

20.

The defendants' reasons for terminating Plaintiff, retaliating against Plaintiff, were purely pretextual and otherwise discriminatory in nature.

21.

On January 21, 2020, Plaintiff filed a Charge of Employment

7

Discrimination with the Equal Employment Opportunity Commission, referencing race discrimination and retaliation in employment. Plaintiff alleged in his charge that the discrimination, retaliation, and harassment against him were of a continuing nature. A true and correct copy is attached hereto as Exhibit "A" to this Complaint and it is incorporated by reference herein.

22.

The EEOC has not filed a civil action with respect to Plaintiff's charges, nor has the EEOC entered into a conciliation agreement with the parties hereto. On or about August 31, 2021, the EEOC issued a Notice of Right to Sue, which Notice was received by Plaintiff after August 31, 2021, authorizing Plaintiff to proceed with a civil action. A true and correct copy is attached hereto as Exhibit "B" of this Complaint and it is incorporated by reference herein.

23.

On February 13, 2020, Plaintiff mailed an ante litem notice to the Georgia Department of Transportation, Georgia Department of Administrative Services, and District 4 Engineer for the Georgia Department of Transportation. A true and correct copy is attached hereto as Exhibit "C" of this Complaint with supporting documentation that is all incorporated by reference herein. Plaintiff has attached hereto as Exhibit "D" documentation evidencing that Plaintiff's ante litem notice was received.

## COUNT I

24.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 - 23 of this complaint and they are hereby realleged and incorporated by reference.

25.

The defendants' actions in subjecting Plaintiff to race discrimination, harassment, and retaliation constitute unlawful discrimination in violation of Title VII.

## COUNT II

26.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 - 25 of this complaint and they are hereby realleged and incorporated by reference.

27.

The defendants' actions in subjecting Plaintiff to race discrimination, harassment, and retaliation constitute unlawful intentional discrimination in the making and enforcement of a contract in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1981 brought pursuant to 42 U.S.C. § 1983.

## COUNT III

28.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 - 27 of this complaint and they are hereby realleged

and incorporated by reference.

29.

The defendants' actions in subjecting Plaintiff to race discrimination, harassment, and retaliation under the color of state law constitute intentional discrimination in violation of the equal protection clause of Fourteenth Amendment to the United States Constitution which may be remedied through 42 U.S.C. § 1983 to redress Plaintiff's rights to be free from race discrimination and retaliation under the United States Constitution.

## COUNT IV

30.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 -29 of this complaint and they are hereby realleged and incorporated by reference.

31.

The defendants' actions in failing to provide Plaintiff with a work place free of discrimination, harassment, and retaliation violates Georgia law.

## COUNT V

32.

Plaintiff incorporates by reference as if set forth fully herein paragraphs 1-31 of this complaint.

10

33.

Defendants breached the contract that they had with Plaintiff by violating their policies and procedures and then by retaliating against Plaintiff for using these policies and procedures to file grievances. Defendants also breached their contractual duties to Plaintiff by failing to provide to Plaintiff the protection that they had promised to provide to Plaintiff by virtue of their policies and procedures. The defendants would not allow Plaintiff to utilize their policies and procedures to complain with regard to discrimination, harassment, and retaliation.

34.

The defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' actions against Plaintiff were undertaken in bad faith.

**COUNT VI**

35.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 - 34 of this complaint and they are hereby realleged and incorporated by reference.

36.

The actions of the defendants in discriminating against Plaintiff on the basis of his race and/or retaliating violated Plaintiff's constitutional rights under the Constitution of the

State of Georgia.  The defendants' action in treating Plaintiff differently from similarly situated individuals also violated Plaintiff's equal protection rights under the Constitution of the State of Georgia.

37.

As a result of the unlawful actions of the defendants, Plaintiff has suffered emotional pain, mental distress, inconvenience, mental anguish, loss of enjoyment of life, loss of income, and benefits of employment. The defendants have acted with actual malice or the intent to injure Plaintiff.

38.

Defendants knew or should have reasonably known that as a result of the aforementioned egregious and outrageous conduct Plaintiff would be subjected to severe mental and emotional distress, pain and suffering.  Defendants acted intentionally, wilfully, maliciously and purposely, with the intention to inflict emotional distress upon Plaintiff, or with reckless disregard of the probability of causing Plaintiff emotional distress.

39.

As a direct and proximate result of **GDOT's** and **Braswell's** knowledge, condonation, and ratification of its race discrimination and retaliation against Plaintiff, Plaintiff has lost past and future wages and benefits and has otherwise

12

suffered mental anguish, emotional harm and distress, humiliation, embarrassment and physical discomfort.

40.

Upon information and belief, the aforesaid customs, policies, practices, and systemic deficiencies of the **GDOT** arose through the conscious decisions and/or deliberate indifference of the **GDOT** and the policy makers and final decision-makers, including but not limited to, defendant **Braswell.**

41.

**GDOT and Braswell** are liable to Plaintiff for compensatory damages and attorney's fees under 42 U.S.C. § 1983, 42 U.S.C. § 1988, and 42 U.S.C. § 2000-e, for causing Plaintiff to be deprived of his federal constitutional rights.

WHEREFORE, Plaintiff demands judgment against the defendants for back pay, front pay, lost employment benefits, compensatory damages, punitive damages, attorney's fees and costs and other such relief as this Court deems just and equitable.

WHEREFORE, Plaintiff demands a TRIAL BY JURY and prays that this Honorable Court:

a) adjudge the defendants to have engaged in unlawful employment discrimination, harassment, and retaliation under the color of state law in violation of Title VII, 42 U.S.C. § 1983, and § 1981;

b) adjudge the defendants to have engaged in employment

discrimination, harassment, and retaliation in the making and enforcing of contracts in violation of § 1981;

c) award Plaintiff compensatory damages for the violation of his constitutional and statutory rights and for the unlawful violation of constitutional rights, failure to provide a workplace free of discrimination, and breach of contract in an amount to be determined by the enlightened conscience of the jury, including damages for loss of income, emotional distress, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

d) award Plaintiff punitive damages for the unlawful intentional discrimination against them and to deter the conduct of the defendants pursuant to federal and state law punitive damages statutes;

e) award Plaintiff prospective injunctive relief to put Plaintiff into his former position and/or in a comparable position;

f) award Plaintiff costs of this action and his reasonable attorneys' fees under 42 U.S.C. § 1988, 42 U.S.C. § 1983, and 42 U.S.C. § 2000-e, including interim and final attorney's fees;

g) award Plaintiff injunctive relief to prevent the defendants from discriminating against him, and retaliating against him; and

h) award Plaintiff such further relief, equitable or

legal, that this Court may deem just and proper.

                    This the <u>22nd</u> ay of November, 2021.

                 RESPECTFULLY SUBMITTED,

               THE LAW OFFICES OF MAURICE LUTHER KING, JR.,P.C.

               BY: <u>/s/Maurice Luther King, Jr.</u>
                     MAURICE LUTHER KING, JR.
                     ATTORNEY FOR PLAINTIFF
                     STATE BAR NO. 421145
                     mauricek6@aol.com

POST OFFICE BOX 72071
ALBANY, GEORGIA 31708-2071
(229) 639-0619